UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-22556-CIV-COOKE/GOODMAN

DEBORAH ENGLE,

    Plaintiff,

v.

ROYAL BAHAMIAN ASSOCIATION, INC., et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

Defendant Royal Bahamian Association, Inc. ("RBA") filed a motion to disqualify Plaintiff's counsel, Gregory Ochalek. [ECF No. 33]. Plaintiff filed a response in opposition and RBA filed a reply. [ECF Nos. 40; 45]. United States District Court Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 38]. For the reasons discussed below, the Undersigned **denies** RBA's motion to disqualify Plaintiff's counsel.

    I.    **Background**

Plaintiff states in her complaint that she has been battling stage four/late-stage breast cancer that has metastasized to her bones over the past nine years. [ECF No. 1, p. 2]. This has created mobility issues and she is legally, physically disabled. *Id.* She owns and resides in a condominium, which is governed by RBA's laws, rules, and regulations.

*Id.* at p. 1. She obtained a service dog to assist her with her disabilities. *Id.* at p. 4. However, it is difficult for her to walk her dog to the designated dog areas, which are difficult and/or dangerous for Plaintiff to access. *Id.*

Thus, Plaintiff requested a reasonable accommodation to use other areas in the condominium and requested that RBA waive the pet fee since her dog is a service dog. *Id.* at p. 5. She also requested other accommodations to the grounds in the rear of the building so that she could enter and exit the building safely. *Id.* at p. 7. Plaintiff felt she was being targeted and retaliated against by the RBA Board because a grievance committee member would follow her and her dog around and film her. *Id.* at p. 8.

Plaintiff alleges two counts in her complaint for failure to reasonably accommodate her, as required under the Fair Housing Act, and retaliation in violation of 42 U.S.C. § 3617.

Plaintiff served RBA with the summons and complaint on August 4, 2020. [ECF No. 7]. More than four months after the complaint was served, RBA filed a motion to disqualify Plaintiff's counsel, Gregory Ochalek, because he previously represented RBA in 2016-2019 in connection with four different matters, and (according to RBA) during that time, "Ochalek gained confidential information regarding negotiation strategies, business practices and legal strategies." [ECF No. 33, p. 2]. RBA claims this confidential information will give Plaintiff an unfair advantage in this litigation and thus Ochalek should be disqualified from representing Plaintiff in this case. *Id.* at p. 4.

Plaintiff responds that Ochalek was provided only public documents and information relevant to the discrete issues that he handled for RBA. [ECF No. 40, p. 4]. Ochalek never acted as general counsel for RBA, never attended board meetings, "nor did [he] ever advise RBA on any business, legal or financial related matters or any other corporate legal matters." *Id.* Plaintiff provides affidavits from former RBA board members -- his client, Deborah Engle, as former president, and Jodi Grossman, as former treasurer of RBA board -- which confirm the narrow circumstances in which Ochalek represented RBA. [ECF No. 40-1]. According to Ochalek, his representation of RBA was not even remotely related to the current litigation involving an alleged violation of the Fair Housing Act and failure to make reasonable accommodations and/or retaliation against a person with a disability. [ECF No. 40, p. 7].

## II. Applicable Legal Standards and Analysis

"The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 751 (11th Cir. 2006) (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear . . . Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of parties." *Hermann*, 199 F. App'x at 752.

S.D. Fla. Local Rule 11.1(c) provides, in relevant part, that "[t]he standards of

professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar."

In turn, Rule 4-1.9 provides, in relevant part:

A lawyer who has formerly represented a client in a matter must not afterwards:

(a) represent another person in the same or a **substantially related** matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

(b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known . . ."

R. Regulating the Fla. Bar 4-1.9 (emphasis added).[1]

"Matters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." Comment to R. Regulating the Fla. Bar 4-1.9. "[T]he fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client." *Id.*

When evaluating disqualification motions, judges need to also recognize that "[d]isqualification of one's chosen counsel is a **drastic remedy** that should be resorted to

---

[1] The Undersigned does not address Florida Rules of Professional Conduct 4-1.7, which addresses conflicts of interest with *current* clients, because it is not alleged that RBA is currently a client of Ochalek.

**sparingly**." *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1310 (S.D. Fla. 2010) (emphasis added) (citing *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982)).

Courts must "be conscious of [their] responsibility to preserve a reasonable balance between the need to ensure ethical conduct of lawyers appearing before [them] and other social interests, which include [a] litigant's right to freely choose counsel." *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976).

Parties presumptively are entitled to counsel of their choice, a choice that may be overridden only for exceptionally compelling reasons. *In re BellSouth Corp.*, 334 F.3d at 961; *see also Jawhbs, LLC v. Arevalo*, 224 F. Supp. 2d 1296, 1299 (S.D. Fla. 2016) (citing *Metrahealth Ins. Co. v. Ancote Psychiatric Hosp., Ltd.*, 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (holding that "courts should hesitate to impose" orders for disqualification "except when absolutely necessary")).

Here, RBA has not met its burden of proving grounds for Ochalek's disqualification. RBA has not shown that Ochalek is representing Plaintiff in the same or in a substantially similar matter that Ochalek represented RBA on, or that he can use information gained during his prior representation to the disadvantage of RBA now. *See* R. Regulating the Fla. Bar 4-1.9.

In 2016, Ochalek represented RBA in the case titled "*Royal Bahamian Association, Inc. v. Alberto Llinas*," Case No. 11-42570-CA-13, in the Eleventh Circuit Judicial Court for

Miami-Dade County. According to Ochalek:

> RBA's opponent Alberto Llinas sought the enforcement a Settlement Agreement in regard[] to the maintenance and replacement of his air-conditioning unit. GMO [a/k/a Ochalek] filed his Notice of Appearance on February 22, 2016 and his representation ended on or about November 2016 when Order Taxing Cost and Attorney fees was entered by the presiding judge. For the purpose of this representation RBA delivered to GMO only a copy of the Mediated Settlement Agreement at enforcement issue and the case file documents/papers filed with the Miami-Dade Clerk as they pertain to this case. The only information provided to GMO by RBA are said public record documents and are otherwise available on Miami-Dade Clerk's website available for public access. No other information was provided to GMO. GMO had no access to any financial data, corporate records or other legal matters. GMO was walled off from all other RBA data.

[ECF No. 40, p. 2].

In 2017, Ochalek represented RBA in the case styled "*In re SPGA Investments, Inc. v. Royal Bahamian Association, Inc.*," Case No.: 2017-009151-CA-01, in the Eleventh Circuit Judicial Court for Miami-Dade County. According to Ochalek:

> RBA was sued by SGPA Investments, Inc. for unpaid legal fees under Miami-Dade Case Number 2017-9151-CA-01. GMO was retained to represent RBA's interest and his representation ended on or about January 2019 when this case was dismissed. In relation to this case the only information that RBA provided to GMO were the documents publicly filed with the Miami-Dade Clerk of Court under the subject case number. No other information was provided to GMO. GMO had no access to any financial data, corporate records or other legal matters. GMO was walled off from all other RBA data.

*Id.* at pp. 2-3.

In 2018, Mr. Ochalek represented RBA in a collection matter against a property owner. According to Ochalek:

> On or about December 2018 RBA retained GMO for the sole purpose of collecting a balance for unpaid condominium assessments related to Unit owner Claudia Tumene and Daniel Litmanovich. For the purpose of this representation RBA delivered to GMO only the at issue units' ledger and no corporate data beyond this matter and unit owner's name and address for the purpose of sending a demand letter. This representation inquiry ended within a few months of being retained as the unit owners paid their unpaid balance in full and said funds were properly remitted to RBA. No other information was provided to GMO. GMO had no access to any financial data, corporate records or other legal matters. GMO was walled off from all other RBA Data.

*Id.* at p. 3.

In 2019, Mr. Ochalek represented RBA in a matter concerning a former Board Member and a deposit received from a tenant. According to Ochalek:

> On or about February 2019, RBA retained GMO the final time for the limited purpose of inquiry into missing cash funds to be collected by RBA in relation to the rental of Unit 707W within RBA's condominium. RBA delivered to GMO a copy of the subject lease and only the ledger records solely related to said recovery of money. GMO's representation consisted of email inquiries to Luis Gonzalez, Liliana Calderon, Gabriel Naiman and a real estate broker, Max Bellomo, to determine the whereabouts of the missing cash funds. GMO's representation of RBA in this matter ended on March 2019 when GMO's inquiry was completed, and all documentation/emails were forwarded to the RBA Board. No other information was provided to GMO. GMO had no access to any financial data, corporate records or other legal matters. GMO was walled off from all other RBA Data.

*Id.* at pp. 3-4.

Both Ms. Engle and Ms. Grossman corroborate Ochalek's statement that he did not attend board meetings, did not participate in business activities of the condominium, and did not participate in any board settlement discussions. *See* ECF No. 40-1. And they also

state that he was given limited information relating only to the discrete issues that he handled. *See id.*

RBA does not dispute Plaintiff's characterization of these matters, which appear to have no connection or relation to this current suit.

RBA disputes Ochalek's statement that he did not request financial information because "in order to attend the Missing Cash Matter, . . . Ochalek sent an email to Mr. Gonzalez asking to 'provide to the undersigned attorney any information, receipts, banking statements or like which you have *regarding this transaction*.'" [ECF No. 45, p. 3 (emphasis added)].

However, at most, this means that Ochalek had access to financial documents regarding the one missing deposit. It is difficult to see how access to those documents would provide Ochalek with any privileged, confidential, or "inside" information that would disadvantage RBA in this current Fair Housing Act/reasonable accommodation case. And RBA has failed to provide any specific explanation for how the information gained by Ochalek during his representation of RBA would provide any advantage to Plaintiff in this case.

To the contrary, RBA may be concerned that Plaintiff, a former board member, may have helpful "inside information" about the board's business practices, but that is a reality which will exist regardless of who represents her. RBA cannot disqualify Plaintiff, nor can it prevent her from bringing this lawsuit merely because she used to be on

8

Defendant's board of directors. But regardless of whether RBA's annoyance at not being able to preclude a former director from bringing this lawsuit is a motivation for the motion to disqualify, the critical point is that it has not met its burden to demonstrate that Ochalek should be disqualified.

### III. Conclusion

For the reasons discussed above, the Undersigned **denies** RBA's disqualification motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 6, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record